UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ADRIENNE BUNDY,

    Plaintiff,

    v.                                    Case No. 2:24-CV-135-GSL-AZ

TAMARA BOJOVIC,

    Defendant.

## OPINION AND ORDER

Before this Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis. [DE 2]. For the reasons set forth below, the Court denies Plaintiff's Motion to Proceed in Forma Pauperis [DE 2] and dismisses the Complaint [DE 1] without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint, and either refile her motion to proceed in forma pauperis or pay the statutory filing fee subject to the Court's instructions below. If Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's Motion [DE 2] establishes that she is unable to prepay the filing fee. However, the Court must now examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). For federal courts to have jurisdiction over claims, the claims must either (1) arise under the Constitution or implicate federal law, or (2) there must be diversity jurisdiction, i.e., no plaintiff or defendant is a citizen of the same state, and the claimed damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); 28 U.S.C. § 1332(a).

Here, Plaintiff alleges that Defendant, her neighbor, owns two dogs in violation of their HOA bylaws. [DE 1]. Plaintiff called the police because Defendant's dogs were relieving themselves on Plaintiff's property, but Plaintiff was arrested. [*Id.*]. She is suing Defendant for this and seeking to enjoin Defendant's dog ownership. [*Id.*]. These facts do not give rise to any Constitutional claims, nor do they implicate federal law. For this Court to have jurisdiction, then, the Plaintiff must have alleged facts that establish diversity of citizenship and monetary damages exceeding $75,000. Per the Complaint, Plaintiff and Defendant are residents of Munster, Indiana. [*Id.*]. As a result, Plaintiff has not adequately alleged diversity of citizenship, and Plaintiff's

Motion to Amend the Complaint, which requests $80,000 in damages, does not cure the lack of diversity. [DE 4].

## CONCLUSION

Because Plaintiff has failed to allege claims that this Court has jurisdiction over, the Court denies Plaintiff's Motion to Proceed in Forma Pauperis [DE 2] and dismisses the Complaint [DE 1] without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Consequently, her Motion to Amend the Complaint [DE 4] is denied as moot. Plaintiff is granted leave to file an amended complaint, and either refile her motion to proceed in forma pauperis or the pay statutory filing fee. Plaintiff has until July 30, 2024, to file an amended complaint. If Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**SO ORDERED.**

ENTERED: July 9, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

3